UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN R. FELIX,<br><br>                    Plaintiff,<br><br>-against-<br><br>NYS DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION; LASHONDA LUCAS; YVONNE KING; SHANA HODGSON; NATALIE PICHARDO,<br><br>                    Defendants. | 24-CV-5902 (AS)<br><br>ORDER OF SERVICE |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York State and City Human Rights Laws. He alleges that his employer, the New York State Department of Corrections and Community Supervision ("DOCCS"), discriminated against him based on his sex and age. By order dated August 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

As set forth in this order, the Court (1) directs the Clerk of Court to effect service on DOCCS; (2) dismisses the claims brought against Defendants Lashonda Lucas, Yvonne King, Shana Hodgson, and Natalie Pichardo as well as the age discrimination claim under the Age Discrimination in Employment Act of 1967; and (3) grants Plaintiff 30 days to file an amended complaint to plead facts in support of his claims against the individual defendants and his claim of age discrimination.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.   Service of summons and complaint on DOCCS**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant DOCCS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon DOCCS.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.   Dismissal of claims brought against individual defendants and the age discrimination claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff does not state any facts suggesting the personal involvement of Lashonda Lucas, Yvonne King, Shana Hodgson, and Natalie Pichardo. Plaintiff therefore does not make a short and plain statement showing that he is entitled to any relief from these defendants. The Court therefore dismisses the claims brought against the individual defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also does not state any facts suggesting that he was discriminated against based on his age. Plaintiff therefore does not make a short and plain statement showing that he is entitled to relief under the Age Discrimination in Employment Act of 1967. The Court therefore dismisses the claim brought under the Age Discrimination in Employment Act of 1967 for failure to state a claim on which relief may be granted. *See id.*

**C.    Leave to file an amended complaint**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against the individual defendants and to state a valid age discrimination claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. In addition, Plaintiff must provide a short and plain statement of the relevant facts supporting his age discrimination claim.

Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

1. the names and titles of all relevant people;
2. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
3. a description of the injuries Plaintiff suffered; and
4. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint, including his claims against DOCCS, must be repeated in the amended complaint.**

## CONCLUSION

The Clerk of Court is instructed to issue a summons for the New York State Department of Corrections and Community Supervision, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against Lashonda Lucas, Yvonne King, Shana Hodgson, and Natalie Pichardo and Plaintiff's age discrimination claim under the Age Discrimination in Employment Act of 1967. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint. An amended complaint form is attached to this order.

The Court directs the Clerk of Court to mail an information package to Plaintiff.

SO ORDERED.

Dated:   September 5, 2024
         New York, New York

                                                _____
                                                ARUN SUBRAMANIAN
                                                United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

New York State Department of Corrections and Community Supervision
Brooklyn I Area Office
15 Second Avenue
Brooklyn, NY 11215