UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kevin R. Felix,

                              Plaintiff,

              -against-

NYS Department of Corrections and
Community Supervision et al.,

                              Defendants.

24-CV-5902 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On July 28, 2024, pro se plaintiff Kevin Felix filed a complaint against defendants NYS Department of Corrections and Community Supervision ("DOCCS"), and DOCCS employees Shana Hodgson, Yvonne King, Lashonda Lucas, and Natalie Pichardo. On September 5, 2024, the Court *sua sponte* dismissed Felix's ADEA claim, and his claims against the DOCCS employees, for failure to plead any supporting facts for those claims, giving Felix thirty days to amend his complaint if he wanted to revive them. Dkt. 10. Felix never did so. Two months later, on November 4, 2024, DOCCS filed a letter outlining arguments for dismissal of the remaining Title VII and related state- and local-law claims against it. Dkt. 17. On the Court's invitation, DOCCS relied on that letter as its opening motion-to-dismiss brief. Dkt. 19.

On January 17, 2025, Felix opposed DOCCS's motion, addressing the Title VII gender-discrimination and retaliation claims against DOCCS. Felix's opposition brief does not address any of the state- or local-law claims, which DOCCS had previously argued were all procedurally barred. DOCCS filed its reply on February 11, 2025. Because of an ECF glitch, DOCCS's motion to dismiss was never docketed as a formal motion, and for the past year, no one has inquired with the Court as to the status of the motion. The Court discovered the unresolved motion only on an annual review of all the cases on its docket.

DOCCS's motion to dismiss is GRANTED IN PART and DENIED IN PART. First, Felix never amended his complaint to address the claims the Court dismissed in its initial *sua sponte* order, Dkt. 10, nor does Felix now seek to revive those claims. He solely asks for the pending motion to be denied or for the Court to permit him leave to replead to address any deficiencies that the Court identifies on resolution of that motion. *See* Dkt. 20 at 1, 7. For that reason, the ADEA claim and claims against the individual defendants are dismissed with prejudice. As for the Title VII retaliation claim, the Court agrees with DOCCS that neither Felix's complaint nor his motion-to-dismiss brief addresses with sufficient particularity whether his internal complaints were based on unfair gender-based treatment, where any retaliation would potentially run afoul of Title VII, or were just grievances about being treated poorly at work, with no gender-discrimination

component to them. For that reason, the Title VII retaliation claim will be dismissed with leave to replead within 30 days of this order. Any amended retaliation claim should make clear what was contained in Felix's grievances, and whether he referenced that he was being discriminated against based on gender, or otherwise explain with sufficient detail why Title VII specifically would apply to the claim. The amended complaint should also be clear about what the consequences of his grievances were, including material changes in the terms of his employment that he suffered because of his complaints.

As to Felix's gender-discrimination claim, he alleges that unlike his female colleagues, he was discriminated against by being denied overtime, even when his work required it. DOCCS responds that Felix fails to allege an "adverse action" that rises to the level of a "materially adverse change" in the terms and conditions of his employment. Dkt. 23 at 1. However, DOCCS relies on a standard that was discarded by the Supreme Court in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), as this Court has previously noted. *See Anderson v. Amazon.com, Inc.,* 2024 WL 2801986, at *10 (S.D.N.Y. May 31, 2024). Material differences in the terms of compensation—namely eligibility for potentially lucrative overtime—easily meet *Muldrow*'s standard. Otherwise, DOCCS generally asserts that Felix's complaint is "conclusory." The Court disagrees. He is clear in his complaint about the nature of the violation, and his motion-to-dismiss brief provides further detail as to specific incidents where he was denied overtime where female officers were, or would have been, granted it. Construing the brief together with Felix's complaint, *see Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014), Felix has pleaded enough detail to meet Rule 8(a)'s plausibility bar. DOCCS does not make any other substantive argument, mention the *McDonnell Douglas* burden-shifting framework, or otherwise raise any separate legal defects with Felix's claim. So DOCCS's motion to dismiss Felix's discrimination claim is DENIED. Of course, whether Felix's claim can be proven in discovery and survive summary judgment is yet to be seen.

For the reasons stated above, DOCCS's motion to dismiss is GRANTED IN PART and DENIED IN PART. If Felix wishes to amend his complaint, he has until February 21, 2026 to do so. The parties should meet and confer and, on or before February 21, 2026, propose a schedule for discovery and summary judgment in this case and whether they wish to participate in court-ordered mediation.

SO ORDERED.

Dated: January 21, 2026
     New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2