UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kevin R. Felix,

Plaintiff,

-against-

NYS Department of Corrections and Community Supervision et al.,

Defendants.

24-cv-5902 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On July 28, 2024, pro se plaintiff Kevin Felix filed a complaint against the New York State Department of Corrections and Community Supervision (DOCCS) and various other defendants. *See* Dkt. 1. After two rulings dismissing most of Felix's claims, *see* Dkts. 10, 24, Felix's only remaining claim is a gender discrimination claim against DOCCS under Title VII. Felix alleges that he was denied overtime unlike his female colleagues.

On February 20, 2026, Felix filed an amended complaint. *See* Dkt. 26. On March 10, 2026, DOCCS moved to dismiss Felix's amended complaint, pointing out, among other things, that (1) the amended complaint continued to assert various claims and defendants that the Court had already dismissed with prejudice, and (2) the amended complaint listed 4/24/24 as the date Felix had received his right to sue letter from the EEOC—making his complaint untimely by a few days. *See* Dkt. 28. Defendants also noted that Felix failed to attach the required EEOC right to sue letter.

Instead of opposing the motion to dismiss, Felix filed a letter requesting leave to file a proposed second amended complaint. *See* Dkt. 29. That proposed complaint removed the claims and defendants the Court had previously dismissed. *See* Dkt. 30. And it also changed the date of the EEOC right to sue letter to 4/29/24—which would make his suit timely. Dkt. 30 at 6. Felix said in his accompanying letter that he had "mistakenly included an incorrect date" in his first amended complaint, and he was "attach[ing]" the right to sue letter "to the proposed second amended complaint." Dkt. 29. But once again, no such letter was attached.

On April 22, 2026, the Court ordered Felix to (1) file any opposition to Defendants' motion to dismiss by May 1, 2026, and (2) provide the EEOC letter. *See* Dkts. 32, 33. On June 1, 2026, Felix refiled the same letter and proposed second amended complaint he had filed earlier, again failing to attach the required EEOC letter. *See* Dkts. 38, 39. On June 24, 2026, the Court noted that Felix had failed to oppose the motion to dismiss or submit the EEOC letter as ordered. Dkt. 41. The Court gave Felix until June 30, 2026 to provide the letter, noting that "[i]f that doesn't happen,

the Court will consider the motion to dismiss fully briefed and proceed to decide it." Dkt. 41. Felix did not provide the letter or file any further response.

Given Felix's failure to comply with the Court's Orders, including to attach the required EEOC letter, his request for leave to amend his complaint a second time is DENIED. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend can be denied for "undue delay, bad faith or dilatory motive," and "repeated failure to cure deficiencies").

Furthermore, having received no opposition, the Court GRANTS DOCCS's motion to dismiss Felix's first amended complaint without leave to amend. As noted above, many of the claims and defendants in Felix's first amended complaint were already dismissed with prejudice in the Court's prior order. And Felix's Title VII claim for gender discrimination fails as untimely, given that he failed to file his suit within the required 90-day window. *See Rasmussen v. Sigma Corp. of Am.*, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998) ("To be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right to sue letter."); *Hughes v. Elmira College*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) ("The 90-day period is strictly enforced and cannot be extended by even one day." (citation omitted)). Felix provides no argument for why equitable tolling would be justified in this case.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 27, enter judgment in favor of defendant DOCCS, and close this case.

SO ORDERED.

Dated: October 19, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge